# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 15, 2010      Decided December 28, 2010

No. 09-3056

IN RE: SEALED CASE

Appeal from the United States District Court
for the District of Columbia
(No. 1:00-cr-00248)

*Tony Axam, Jr.*, Assistant Federal Public Defender, argued the cause for the appellant.

*Nicholas P. Coleman*, Assistant U.S. Attorney, argued the cause for the appellee.

Before: GINSBURG, HENDERSON and KAVANAUGH, *Circuit Judges*.

KAREN LECRAFT HENDERSON, *Circuit Judge*: The district court summarily convicted the appellant of criminal contempt and imposed punishment of twelve months' imprisonment after the appellant uttered a vulgarity directed to the court in open court. The appellant appeals his conviction and sentence, arguing the evidence is insufficient to find him guilty of contempt, the sentence is unreasonable in relation to his actions and, because the sentence exceeds six months, he is entitled to a jury trial. We affirm the contempt conviction but reduce the appellant's sentence to six months' imprisonment.

2

## I.

In August 2000, the appellant pleaded guilty to one count of possessing with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and one count of aiding and abetting in connection with the possession count, in violation of 18 U.S.C. § 2. In July 2006, the district court sentenced him to time served plus five years of supervised release. In March 2009, the appellant pleaded guilty to second degree murder in the District of Columbia Superior Court, for which conviction he was sentenced to twenty-six years' imprisonment followed by five years of supervised release. The appellant's commission of second degree murder violated the terms of his supervised release and, at a hearing on May 18, 2009, the district court revoked his supervised release and sentenced him to thirty-six months' imprisonment to run consecutively to his sentence for the murder conviction. During the hearing, the appellant repeatedly attempted to interrupt the district judge and, after the judge imposed his sentence, exclaimed "Fuck y'all." Sentencing Hr'g Tr. at 20, Crim. No. 00-248 (D.D.C. May 18, 2009) (Hr'g Tr.). The judge immediately found "that [the appellant] ha[d] committed contempt of court by uttering a profanity at me in my presence, in my sight, and in a calculated way" and sentenced the appellant to an additional year of imprisonment. *Id.* at 20-21.

## II.

A federal court is empowered to punish criminal contempt by fine or imprisonment. 18 U.S.C. § 401. Criminal contempt includes "[m]isbehavior of any person in its presence or so near thereto as to obstruct the administration of justice." *Id.* § 401(1); *see also* Fed. R. Crim. P. 42(b) ("Notwithstanding any other provision of these rules, the court (other than a magistrate judge) may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the

contemptuous conduct and so certifies . . . ."). Criminal contempt requires: "misbehavior of a person, in or near to the presence of the court, which obstructs the administration of justice, and which is committed with the required degree of criminal intent." *United States v. McGainey*, 37 F.3d 682, 684 (D.C. Cir. 1994). The appellant admits he misbehaved in the presence of the court but maintains he neither obstructed the administration of justice nor acted with criminal intent. "In deciding whether the evidence is sufficient to support a contempt conviction, we use the familiar standard for any criminal conviction, asking whether 'a fair-minded and reasonable trier of fact [could] accept the evidence as probative of a defendant's guilt beyond a reasonable doubt.' " *In re Holloway*, 995 F.2d 1080, 1082 (D.C. Cir. 1993) (alteration in original) (quoting *In re Joyce*, 506 F.2d 373, 376 (5th Cir. 1975)), *cert. denied*, 511 U.S. 1030 (1994).

The appellant argues he did not obstruct the hearing because "the proceedings were concluded and no other business was being conducted" when he uttered the offensive statement. Appellant's Br. 12. We begin by rejecting the premise that an obstruction of justice cannot occur in the absence of ongoing court proceedings or once the proceedings have concluded. Misbehavior in the courtroom, at any time, carries the potential to obstruct justice. In the past, some courts have suggested that a verbal insult unaccompanied by a "material disruption or obstruction" of judicial proceedings cannot support a criminal contempt conviction. *E.g.*, *United States v. Seale*, 461 F.2d 345, 369 (7th Cir. 1972); *see also id.* ("[M]ere disrespect or affront to the judge's sense of dignity will not sustain a citation for contempt."). *But see id.* at 369-70 ("The line between insult and obstruction, however, is not clearly delineated, and at some point disrespect and insult become actual and material obstruction."). In so holding, those courts often relied on the Supreme Court's statement that "before the drastic procedures of the summary contempt power may be invoked . . . there must

be an actual obstruction of justice" in the form of "[a]n obstruction to the performance of judicial duty." *In re McConnell*, 370 U.S. 230, 234 (1962) (quotation marks and citation omitted). We agree with the Second Circuit, however, that "[t]o read *McConnell* as holding that verbal 'misbehavior' alone cannot be punished under Section 401(1) may be a considerable overreading of that decision." *United States v. Marshall*, 371 F.3d 42, 47 (2d Cir. 2004). In *McConnell*, the trial judge barred (erroneously, as it turned out) a line of questioning and summarily convicted of criminal contempt the plaintiff's lawyer when the lawyer, concerned about preserving the issue for appeal, persisted in the prohibited questioning. As the Second Circuit noted in *Marshall*, it is "less than clear" that any verbal misbehavior occurred in *McConnell*. 371 F.3d at 47; *see also McConnell*, 370 U.S. at 236 (acknowledging importance of judge "hav[ing] the power to protect himself from actual obstruction in the courtroom" but explaining "it is also essential to a fair administration of justice that lawyers be able to make honest good-faith efforts to present their clients' cases"). The lawyer's "conduct might not, therefore, violate Section 401(1) unless it constituted a literal obstruction of justice, one type of misbehavior." *Marshall*, 371 F.3d at 47. By contrast, the appellant plainly and admittedly engaged in verbal misconduct. An outburst of foul language directed at the court is intolerable misbehavior in the courtroom and falls within the prohibition of section 401(1) and Federal Rule of Criminal Procedure 42(b). *See Marshall*, 371 F.3d at 48 ("[A] verbal attack can be so unnecessary and so insulting to judicial authority as to constitute, without prior warning, contempt."). Such conduct is inherently disruptive. As the First Circuit has explained:

> One must appreciate that courtrooms, especially in criminal cases, are theaters of extreme emotion—stoked by the facts of the alleged crimes, the tensions of striving lawyers and hostile

> cross examination, and the fearsome stakes. Every trial judge knows how easy it is for matters to get out of hand. Indeed, the black robe, the call "all rise," and the deference exacted by judges have their main warrant in the need for order. By its tendency to undermine order, a party's deliberate cursing of a judge in open court can depending on the circumstances readily be viewed as obstructive.

*United States v. Browne*, 318 F.3d 261, 266 (1st Cir. 2003), *cert. denied*, 540 U.S. 907 (2003), *reh'g denied*, 540 U.S. 1070 (2003). We agree with the Second Circuit's reading of *McConnell* and endorse the First Circuit's vivid but accurate description of the reasoning behind a court's insistence on immediately quelling and sanctioning misbehavior to maintain order.

We also reject the appellant's contention that he did not intend to obstruct the administration of justice. His outburst was "calculated, egregious, in the presence of, and directed at, the court." *Marshall*, 371 F.3d at 46. "It was self-evidently intended to show contempt for the court . . . ." *Id.; see also Browne*, 318 F.3d at 266 ("Directed as it is to conduct within the courthouse, we have no trouble reading [section 401(1)] to embrace any deliberate misconduct that may foreseeably disrupt or interfere with court proceedings, whether or not that was the subjective intent of the contemnor."). We accordingly uphold the appellant's criminal contempt conviction under Section 401(1).

Although we affirm his contempt conviction, we conclude, as we must, that his twelve-month sentence cannot be upheld. The court cannot sentence a defendant to a period of incarceration exceeding six months without a jury trial unless the defendant has waived his right thereto. *Codispoti v. Pennsylvania*, 418 U.S. 506, 511-12 (1974). We are authorized,

however, to reduce the sentence ourselves. *See Holloway*, 995 F.2d at 1087 (court of appeals has authority to revise sentence for criminal contempt). Because the record manifests that the district judge intended to impose the maximum sentence consistent with his summary finding of criminal contempt, which sentence he mistakenly believed to be one year, there is no reason for remand. *Compare* Hr'g Tr. 20-21 ("The court finds that [the appellant] has committed contempt of court by uttering a profanity at me in my presence, in my sight, and in a calculated way.") *with* Fed. R. Crim. P. 42(b) ("[T]he court . . . may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies . . . ."). Contrary to the appellant's argument, moreover, a six-month sentence is substantively reasonable under the circumstances. *See, e.g.*, *Marshall*, 371 F.3d at 48-49.[1]

Accordingly, we affirm the appellant's criminal contempt conviction and reduce his sentence therefor to six months' imprisonment, to be served consecutively to the twenty-six years' imprisonment imposed by the superior court on March 6, 2009 for second degree murder, as well as to the thirty-six months' imprisonment imposed by the district court on May 18, 2009 for violation of supervised release.

*So ordered*.

---

[1] The appellant also claims that he has a right to allocute before being sentenced for criminal contempt. Rule 42(b), however, was specifically "amended to make it clear that a court may summarily punish a person for committing contempt in the court's presence without regard to whether other rules, such as Rule 32 (sentencing procedures), might otherwise apply." Fed. R. Crim. P. 42(b) advisory committee's note (2002 Amendments).